## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **EIG CLAIMS SERVICES INC., EIG TECHNOLOGY, INC., EIG RESTORATION, INC., AND JASON EVANS,** | § § § § | |
| *Plaintiffs,* | § § | |
| **v.** | § § | **Civil Action No.  6:20-cv-00235** |
| **FREDERICK ALLEN BROWN,** | § § | |
| *Defendant.* | § § | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, 1441, and 1446, defendant, Frederick Allen Brown ("Brown"), hereby removes to this Court the state-court lawsuit described below, and as grounds for removal states as follows:

### NATURE OF THE ACTION

1.      On February 27, 2020, plaintiffs, EIG Claims Services Inc.; EIG Technology, Inc.; EIG Restoration, Inc.; and, Jason Evans (collectively "Plaintiffs"), filed their "Original Petition for Declaratory Relief" ("Petition") in the lawsuit styled *EIG Claims Services Inc., et al v. Frederick Allen Brown*  in the District Court of Somervell County, Texas, 249th Judicial District, and bearing Cause No. C10713 (the "State Court Action").  A true and copy of the Petition is attached as Exhibit A.  A true and correct copy of Brown's answer is attached as Exhibit B.  Brown was not served with any other process, pleadings, or orders. *See* 28 U.S.C. §1446(a).

2.      Plaintiffs allege that their business generally involves providing "artificial intelligence based insurance and claims handling software services, claims handling services,

and restoration services." (Exhibit A, at ¶ 6.). Plaintiffs further allege that Brown "acted as an advisor and consultant to EIG Claims and to EIG Technology and had loaned or advanced various fund to EIG Claims." (Exhibit A, at ¶ 13.). The gist of the lawsuit is the amount Plaintiffs owe to Brown (i) for his work and (ii) the loans he made to Plaintiffs, which the Plaintiffs' pleadings reflect are a combined (work and loans) total of over $1 million.

## TIMELINESS OF REMOVAL AND VENUE

3. Brown is the only defendant in this lawsuit, and he was served with the State Court Action on March 2, 2020, which was also the date on which he first received notice of the State Court Action. This Notice of Removal has been filed within thirty (30) days of service, and is thus timely. *See* 28 U.S.C. § 1446(b).

4. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the lawsuit was filed is in this district and division.

## JURISDICTION UNDER 28 U.S.C. §1332[1] and §1441

5. This Court has original subject matter jurisdiction over the State Court Lawsuit under 28 U.S.C. § 1332, because (1) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) is between citizens of different states.

6. In their Petition, seeking declaratory relief, Plaintiffs specifically allege that the amount of money over which they seek declaratory relief is (i) "past salary of $333,000" (Exhibit A, at ¶ 14.c.) and (ii) "immediate payment of $837,522 in loans and advances . . ." (Exhibit A, at ¶ 14.i.). Accordingly, the amount in controversy exceeds $75,000.

---

[1] The jurisdictional allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

7.      As accurately reflected in the Petition, plaintiff EIG Claims Services, Inc. is incorporated in Texas and maintains its principal place of business in Texas; and, therefore it is a citizen of the State of Texas.

8.      As accurately reflected in the Petition, plaintiff EIG Technology, Inc. is incorporated in Delaware and maintains its principal place of business in Texas; and, therefore it is a citizen of the States of Delaware and Texas.

9.      As accurately reflected in the Petition, plaintiff EIG Restoration, Inc. is incorporated in Texas and maintains its principal place of business in Texas; and, therefore it is a citizen of the State of Texas.

10.     As accurately reflected in the Petition, plaintiff Jason Evans is an individual who is domiciled in the State of Texas; and, therefore, he is a citizen of Texas.

11.     Defendant Frederick Allen Brown is an individual domiciled in the State of Washington; and, therefore, he is a citizen of the State of Washington.

12.     Because Plaintiffs are citizens of Texas and Delaware and defendant Brown is a citizen of Washington, complete diversity of citizenship exists between Plaintiffs and Defendant, making the lawsuit removable under 28 U.S.C. §1441 because it is a civil action over which the United States District Court for the Western District of Texas has original subject matter jurisdiction under 28 U.S.C. §1332.

13.     In the State Court Lawsuit, Plaintiffs did not request a trial by jury.

14.     Pursuant to 28 U.S.C. §1446(d), Brown will promptly give written notice to all other parties and will file a copy of the notice with the clerk of the State Court Action.

15.     Based on the foregoing grounds, Brown removes this action to the United States District Court for the Western District of Texas, Waco Division.

Respectfully submitted,

*/s/ J. Stephen Ravel*
Lars L. Berg
State Bar No. 00787072
Lars.berg@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Tel:  (817) 878-3597
817.878.9797 fax

J. Stephen Ravel
Texas State Bar No. 16584975
Sven Stricker
Texas State Bar No. 24110418
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Tel: (512) 495-6464
Email: steve.ravel@kellyhart.com
Email: sven.stricker@kellyhart.com

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on the 27th day of March, 2020, a true and correct copy of the foregoing will

be served via electronic mail, on counsel of record as follows:

John V. Elick
ELICK LAW FIRM
PO Box 803
Bellville, TX  77418
jve@elicklaw.com

Brad Beers
BEERS LAW FIRM
5020 Montrose Blvd., Suite 700
Houston, Texas  77006
BBeers@BeersLaw.net

*/s/ J. Stephen Ravel*
J. Stephen Ravel

# EXHIBIT A

Filed 2/27/2020 8:00 AM
Virginia Dickson
District Clerk
Somervell County, Texas
Virginia Dickson

Cause C10713

| EIG Claims Services Inc., et al | § | In the District Court of |
| | § | |
| v. | § | Somervell County, Texas |
| | § | |
| Fredrick Allen Brown | § | _____ Judicial District |

## Original Petition for Declaratory Relief

Now come EIG Claims Services, Inc., EIG Technology, Inc., EIG
Restoration, Inc., and Jason Evans, Plaintiffs, and file this their Original Petition
for Declaratory Relief complaining of Frederick Allen Brown and for cause of
action respectfully show the following:

### Discovery (Rule 190) and Relief Sought (Rule 47)

1. Discovery is to be conducted under Level II pursuant to Rule 190. Pursuant
to Rule 47, Plaintiffs seek only declaratory relief and do not seek monetary damages.

### Parties

2. Plaintiff **EIG Claims Services, Inc.** is a Texas corporation with its
principal office at 301 E. Gibbs Blvd., Glen Rose, Somervell County, Texas.

2a. Plaintiff **EIG Technology, Inc.** is a Delaware corporation authorized to do
business in Texas with its principal office at 301 E. Gibbs Blvd., Glen Rose,
Somervell County, Texas.

2b. Plaintiff **EIG Restoration, Inc.** is a Texas corporation with its principal
office at 301 E. Gibbs Blvd., Glen Rose, Somervell County, Texas.



2c.  Plaintiff **Jason Evans** is a resident of Somervell County, Texas, whose principal place of business is 301 E. Gibbs Blvd., Glen Rose, Somervell County, Texas.

3.  Defendant **Fredrick Allen Brown (a/k/a Fred Brown)**, at all times relevant to this suit, was a director or officer of one or more of the Plaintiff entities, and identified his principal place of business as 301 E. Gibbs Blvd., Glen Rose, Somervell County, Texas. Defendant Brown usually resides at 6010 E. Greenbluff Road, Colbert, Washington 99005. Defendant Brown has engaged in business in Texas at all times material to this suit and is a party to the business transactions included in this suit but does not maintain a regular place of business in Texas and has not designated an agent for service of process which makes the Texas Secretary of State an agent for service of process on Defendant Brown. The Secretary of State is directed to forward the process to Defendant at his usual place of residence in Colbert, Washington. The District Clerk is requested to issue citation and send the citation and petition by certified mail to the Secretary of State, Service of Process, P.O. Box 12079, Austin, Texas 78711-2079.

### Jurisdiction and Venue

4.  This Court has jurisdiction over the parties and the subject matter of this suit. Defendant conducted business dealings and made money loans and advances and transactions in Somervell County, Texas. During 2018 and 2019, Defendant

Brown spent from two to three weeks of time in Glen Rose, Texas, each year. In 2019 Defendant Brown had knee surgery in Dallas, Texas. From at least July 2019 through February 24, 2020, Defendant Brown was one of two directors of EIG Claims, which has had its principal office in Glen Rose, Texas, at all relevant and material times. From at least January 2019 through February 24, 2020, Defendant Brown was one of two directors of EIG Technology, which has had its principal office in Glen Rose, Texas, at all relevant and material times. From at least May 2019 through February 24, 2020, Defendant Brown was a vice president of EIG Restoration, which has had its principal office in Glen Rose, Texas, at all relevant and material times. During Defendant Brown's frequent trips to Glen Rose, Texas, Brown was regularly conducting business in Texas, including the negotiation and discussion of the loans and advances Brown was going to make or had made. Funds that were loaned and advanced by Brown were loaned and advanced in Texas and transferred to Texas by Defendant Brown, and performance of the agreements was to happen, in whole or in part, in Somervell County, Texas.

5.  All or a substantial part of the events or omissions giving rise to the relief sought happened in Somervell County, all Plaintiff entities have their principal office in Somervell County, and Jason Evans is a resident of Somervell County.

### Background and Factual Overview

6.  The business, generally, of the EIG named entities is to variously provide an artificial intelligence based insurance and claims handling software services, claims handling services, and restoration services. Each EIG named entity provides different basic services and serves potentially different clientele. The EIG named entities were founded by Jason Evans.

7.  **EIG Claims Services, Inc.** (sometimes hereafter "EIG Claims") is a Texas corporation with its principal office at 301 E. Gibbs Blvd., Glen Rose, Somervell County, Texas. EIG Claims Services, Inc. incorporated in 2004 and was formerly known as Evans Claims Services, Inc. prior to a name change in December 2018. EIG Claims Services, Inc. presently also does business as Evans Claims Services, Inc. The sole shareholder of EIG Claims Services Inc. is Jason Evans. The president and chief executive officer and board member of the corporation is Jason Evans.

8.  **EIG Technology, Inc.** (sometimes hereafter "EIG Technology") is a Delaware corporation authorized to do business in Texas with its principal office at 301 E. Gibbs Blvd., Glen Rose, Somervell County, Texas. EIG Technology, Inc. incorporated in November 2018 and was formerly known as NextInsureIT, Inc. prior to a name change in December 2018. The sole shareholder of EIG Technology, Inc. is EIG Claims Services, Inc. The president and chief executive officer and sole board member of the corporation is Jason Evans.

9. **EIG Restoration, Inc.** (sometimes hereafter "EIG Restoration") is a Texas, corporation with its principal office at 301 E. Gibbs Blvd., Glen Rose, Somervell County, Texas. EIG Restoration, Inc. incorporated in November 2018 and was formerly known as ECS Target, Inc. prior to a name change in July 2019. The sole shareholder of EIG Restoration, Inc. is EIG Claims Services, Inc. The president and chief executive officer and sole board member of the corporation is Jason Evans.

10. During April 2017, when Mr. Evans was investigating and working on the development of an artificial intelligence software system that could be used in the insurance and insurance adjusting businesses he had a conversation with Defendant Brown about information technology and insurance.

11. Mr. Evans learned that Defendant Brown had previously been associated with an entity known as Next IT which Defendant Brown had apparently founded in part but from which Brown was later separated involuntarily by its board of directors. The business of Next IT was development of computer programs that were useful in customer service using artificial intelligence. After Defendant Brown was separated from Next IT, its various computer programs and technology that interested Mr. Evans were sold by Next IT to Verint Americas, Inc.

12. EIG Claims acquired a license to use computer products, software, programs, and certain basic source code from Verint Americas, Inc. which it had developed and owned. The Verint product license authorized EIG Claims and its

subsidiary to use and incorporate such Verint computer product into EIG Technology's unique computer program products. EIG Claims hired and paid programmers for its subsidiary, EIG Technology, (but did not hire Defendant Brown) to write additional computer code and to develop an artificial intelligence based claims and insurance software systems for which United States patents have applied for by EIG Technology.

13. Defendant Brown, until recently, had acted as an advisor and consultant to EIG Claims and to EIG Technology and had loaned or advanced various funds to EIG Claims in Glen Rose, Texas, for expenses and operations, but as of February 24, 2020, in a letter to Mr. Evans, Defendant Brown quit and resigned any positions he held as an officer or director of any EIG entity, and renounced any further association with the entities and further renounced any claim to any potential rights to acquire any interest in any EIG entity. Defendant Brown further renounced and disclaimed any ownership of stock in any EIG entity or any right to acquire EIG entity stock.

14. In that same written demand by Defendant Brown on February 24, 2020, however, Defendant Brown, among other things:

   a. falsely and wrongly asserted that he had been an employee of EIG Claims since July 2018;

   b. falsely and wrongly claimed he had been entitled to an agreed salary of $200,000 per year;

   c. falsely and wrongly claimed that he was owed past salary of $333,000;

d.  falsely and wrongly claimed that Jason Evans was personally liable for the alleged unpaid salary claimed to be owed to Brown by EIG Claims;

e.  falsely and wrongfully claimed that Brown had "provisionally loaned" source codes to EIG Claims;

f.  falsely and wrongfully claimed that Brown had "provisionally loaned" software to EIG Claims;

g.  falsely and wrongfully claimed that Brown had "provisionally loaned" computers and equipment to EIG Claims;

h.  falsely and wrongfully demanded return of source codes, software, computers and equipment which he claims to be his property;

i.  made demand for immediate payment of $837,522  in "loans and advances" made to EIG Claims over the prior one and one-half years plus interest at the rate of twelve percent (12%) per annum;

j.  falsely and wrongfully claimed that an agreement to pay him salary of $200,000 as an employee had been reached in July 2018 when the first offer of employment and a salary of $200,000 was made on February 16, 2020;

k.  created a false and baseless list of complaints and grievances about the operation of the various EIG named entities and about Mr. Evans which Defendant Brown then claimed would be published and shared with a key customer of EIG Technology in an obvious attempt to interfere with the contractual business relationship EIG Technology had with its customer if Defendant Brown's thinly veiled extortion demands were not summarily accepted; and

l.  threatened to sue Jason Evans personally for the apparent grievances Defendant Brown claims to hold against the unspecified EIG entities.

15. Plaintiffs seek declaratory relief pursuant to the Uniform Declaratory Judgments Act. The purpose of the Uniform Declaratory Judgments Act is to "settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Civil Practice and Remedies Code Sec. 37.002.

16. Pursuant to the Uniform Declaratory Judgments Act, this court, as a court of record, "has power to declare rights, status, and other legal relations whether or not further relief could be claimed." Civil Practice and Remedies Code Sec. 37.003(a). Further, [t]he declaration may be either affirmative or negative in form and effect, and the declaration has the force and effect of a final judgment or decree." Civil Practice and Remedies Code Sec. 37.003(b). A dispute exists as to the rights, status and other legal relations between Defendant and Plaintiffs and agreements existing or claimed to exist by Defendant. Questions of construction and validity arising under the agreements existing or claimed to exist are sought to be determined by this Court. Plaintiffs seek a declaration of rights, status, and other legal relations thereunder with Defendant.

### Declaratory Relief Sought

17. **EIG Claims** seeks a declaration from this court that:

    a. Fred Brown is owed no salary by EIG Claims.

    b. Fred Brown holds no shares or ownership interest in EIG Claims.

    c. Fred Brown holds no warrants or other instruments giving him a right to purchase or acquire shares in EIG Claims.

d.  Fred Brown is not entitled to stock in EIG Claims.

e.  Jason Evans is the sole shareholder of EIG Claims.

f.  Fred Brown is not an officer of EIG Claims.

g.  Fred Brown, if he was an officer of EIG Claims, resigned as an officer no later than February 24, 2020.

h.  Fred Brown is not a director of EIG Claims.

i.  Fred Brown, if he was a director of EIG Claims, resigned as a director no later than February 24, 2020.

j.  Fred Brown is not an employee of EIG Claims.

k.  Fred Brown was not an employee of EIG Claims.

l.  Fred Brown did not begin working as an employee of EIG Claims in July 2018.

m.  Fred Brown has no employment agreement with EIG Claims.

n.  Fred Brown has never had an employment agreement with EIG Claims.

o.  Fred Brown is owed no salary by EIG Claims.

p.  Fred Brown is not owed $333,333.00 by EIG Claims for claimed unpaid salary.

q.  Fred Brown is owed no salary by any shareholder, officer, or director of EIG Claims.

r.  Fred Brown is owed no employment compensation by EIG Claims.

s.  Fred Brown is owed no employment compensation by any shareholder officer, or director of EIG Claims.

t.  Fred Brown did not "loan" any source codes to EIG Claims.

u.  Fred Brown does not own any source codes used by EIG Claims.

v.  Fred Brown did not "loan" any software to EIG Claims.

w.  Fred Brown does not own any software used by EIG Claims.

x.  Fred Brown did not license any software to EIG Claims.

y.  Fred Brown did not "loan" any and equipment to EIG Claims.

z.  Fred Brown does not own any computers and equipment used by EIG Claims.

aa.  Fred Brown does not own any interest in any technology platform provided or used by EIG Claims.

ab.  Fred Brown has not entered into any "note purchase" agreement with EIG Claims.

ac.  Fred Brown has not entered into any agreement for "obtention of warrants" with EIG Claims.

ad.  Fred Brown has not entered into any agreement for "acquisition of shares of stock" in EIG Claims.

ae.  The amount owed Fred Brown for sums loaned and advanced.

af.  The interest rate for the funds loaned and advanced by Fred Brown is zero percent.

ag.  The repayment schedule for the funds loaned and advanced by Fred Brown was repayment by EIG Claims which started with a monthly twenty thousand and no/100 dollars ($20,000.00) payment in February 2020, and continuing until repaid in full, without interest.

18.  **EIG Technology** seeks a declaration from this court that:

a.  Fred Brown is owed no money by EIG Technology.

b.  Fred Brown holds no shares or ownership interest in EIG Technology.

c.  Fred Brown holds no warrants or other instruments giving him a right to purchase or acquire shares in EIG Technology.

d.  Fred Brown is not entitled to stock in EIG Technology.

e.  EIG Claims is the sole shareholder of EIG Technology.

f.  Fred Brown is not an officer of EIG Technology.

g.  Fred Brown, if he was an officer of EIG Technology, resigned as an officer no later than February 24, 2020.

h.  Fred Brown is not a director of EIG Technology.

i.  Fred Brown, if he was a director of EIG Technology, resigned as a director no later than February 24, 2020.

j.  Fred Brown is not an employee of EIG Technology.

k.  Fred Brown was not an employee of EIG Technology.

l.  Fred Brown did not begin working as an employee of EIG Technology in July 2018.

m.  Fred Brown has no employment agreement with EIG Technology.

n.  Fred Brown has never had an employment agreement with EIG Technology.

o.  Fred Brown is owed no salary by EIG Technology.

p.  Fred Brown is not owed $333,333.00 by EIG Technology for claimed unpaid salary.

q.  Fred Brown is owed no salary by any shareholder, officer, or director of EIG Technology.

r.  Fred Brown is owed no employment compensation by EIG Technology.

s.  Fred Brown is owed no employment compensation by any shareholder officer, or director of EIG Technology.

t.  Fred Brown did not "loan" any source codes to EIG Technology.

u.  Fred Brown does not own any source codes used by EIG Technology.

v.  Fred Brown did not "loan" any software to EIG Technology.

w.  Fred Brown does not own any software used by EIG Technology.

x.  Fred Brown did not license any software to EIG Technology.

y.  Fred Brown did not "loan" any and equipment to EIG Technology.

z.  Fred Brown does not own any computers and equipment used by EIG Technology.

aa.  Fred Brown does not own any interest in any technology platform provided or used by EIG Technology.

ab.  Fred Brown has not entered into any "note purchase" agreement with EIG Technology.

ac.  Fred Brown has not entered into any agreement for "obtention of warrants" with EIG Technology.

ad.  Fred Brown has not entered into any agreement for "acquisition of shares of stock" in EIG Technology.

ae.  That no amount is owed Fred Brown by EIG Technology for sums loaned and advanced by Brown.

19. **EIG Restoration** seeks a declaration from this court that:

a.  Fred Brown is owed no money by EIG Restoration.

b.  Fred Brown holds no shares or ownership interest in EIG Restoration.

c.  Fred Brown holds no warrants or other instruments giving him a right to purchase or acquire shares in EIG Restoration.

d.  Fred Brown is not entitled to stock in EIG Restoration.

e.  EIG Claims is the sole shareholder of EIG Restoration.

f.  Fred Brown is not an officer of EIG Restoration.

g.  Fred Brown, if he was an officer of EIG Restoration, resigned as an officer no later than February 24, 2020.

h.  Fred Brown is not a director of EIG Restoration.

i.  Fred Brown, if he was a director of EIG Restoration, resigned as a director no later than February 24, 2020.

j.  Fred Brown is not an employee of EIG Restoration.

k.  Fred Brown was not an employee of EIG Restoration.

l.  Fred Brown did not begin working as an employee of EIG Restoration in July 2018.

m.  Fred Brown has no employment agreement with EIG Restoration.

n.  Fred Brown has never had an employment agreement with EIG Restoration.

o.  Fred Brown is owed no salary by EIG Restoration.

p.  Fred Brown is not owed $333,333.00 by EIG Restoration for claimed unpaid salary.

q.  Fred Brown is owed no salary by any shareholder, officer, or director of EIG Restoration.

r.  Fred Brown is owed no employment compensation by EIG Restoration.

s.  Fred Brown is owed no employment compensation by any shareholder officer, or director of EIG Restoration.

t.  Fred Brown did not "loan" any source codes to EIG Restoration.

u.  Fred Brown does not own any source codes used by EIG Restoration.

v.  Fred Brown did not "loan" any software to EIG Restoration.

w.  Fred Brown does not own any software used by EIG Restoration.

x.  Fred Brown did not license any software to EIG Restoration.

y.  Fred Brown did not "loan" any and equipment to EIG Restoration.

z.  Fred Brown does not own any computers and equipment used by EIG Restoration.

aa.  Fred Brown does not own any interest in any technology platform provided or used by EIG Restoration.

ab.  Fred Brown has not entered into any "note purchase" agreement with EIG Restoration.

ac.  Fred Brown has not entered into any agreement for "obtention of warrants" with EIG Restoration.

ad.  Fred Brown has not entered into any agreement for "acquisition of shares of stock" in EIG Restoration.

ae.  That no amount is owed Fred Brown by EIG Restoration for sums loaned and advanced by Brown.

20. **Jason Evans** seeks a declaration from this court that:

    a.  Fred Brown is owed no money by Jason Evans.

    b.  Fred Brown is not an employee of Jason Evans.

    c.  Fred Brown was not an employee of Jason Evans.

    d.  Fred Brown did not begin working as an employee of Jason Evans in July 2018.

    e.  Fred Brown has no employment agreement with Jason Evans.

    f.  Fred Brown has never had an employment agreement with Jason Evans.

    g.  Fred Brown is owed no salary by Jason Evans.

    h.  Fred Brown is not owed $333,333.00 by Jason Evans for claimed unpaid salary.

    i.  Fred Brown is owed no employment compensation by Jason Evans.

    j.  Fred Brown did not "loan" any source codes to Jason Evans.

    k.  Fred Brown does not own any source codes used by Jason Evans.

    l.  Fred Brown did not "loan" any software to Jason Evans.

    m.  Fred Brown does not own any software used by Jason Evans.

    n.  Fred Brown did not license any software to Jason Evans.

    o.  Fred Brown did not "loan" any and equipment to Jason Evans.

    p.  Fred Brown does not own any computers and equipment used by Jason Evans.

    q.  Fred Brown does not own any interest in any technology platform provided or used by Jason Evans.

r.  Fred Brown has not entered into any "note purchase" agreement with Jason Evans.

s.  Fred Brown has not entered into any agreement for "obtention of warrants" with Jason Evans.

t.  Fred Brown has not entered into any agreement for "acquisition of shares of stock" with Jason Evans.

u.  The amount owed Fred Brown for sums loaned and advanced is not owed by Jason Evans personally.

### Attorney's Fees

21.  Pursuant to Section 37.009, Civil Practice and Remedies Code, Plaintiffs seek recovery of their costs and reasonable and necessary attorney's fees as are equitable and just. The attorney's fees are not sought as damages or compensation.

### Prayer

Wherefore, premises considered, Plaintiffs pray that Defendant be cited to appear and upon final trial or hearing that the Court render judgment for the declaratory relief set forth above, that Plaintiffs recover their costs and reasonable and necessary attorney's fees as are equitable and just, and for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

John V. Elick
P.O. Box 803
Bellville, TX  77418
Tel: 979-865-3647
Fax: 979-865-9461

By: /s/ John V. Elick
State Bar No. 06521000
jve@elicklaw.com

Brad Beers
State Bar No. 02041400
BEERS LAW FIRM
5020 Montrose Blvd., Suite 700
Houston, Texas 77006
Telephone: 713-654-0700
BBeers@BeersLaw.net
**Attorneys for Plaintiffs**

EXHIBIT B

Filed 3/26/2020 11:21 AM
Virginia Dickson
District Clerk
Somervell County, Texas
Sonja Mausser

**CAUSE C10713**

EIG CLAIMS SERVICES INC., ET AL                    IN THE DISTRICT COURT OF

V.                                                                    SOMERVELL COUNTY, TEXAS

FREDERICK ALLEN BROWN                            249TH DISTRICT COURT

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

      Defendant, Frederick Allen Brown ("Defendant"), files his original answer and would respectfully show the Court the following:

## <u>GENERAL DENIAL</u>

      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby enters a general denial, denying each and every, all and singular, the material allegations, charges and claims contained in Plaintiff's Original Petition for Declaratory Relief.

      Respectfully submitted,

      */s/ Lars L. Berg*
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 878-3524
Facsimile: (817) 878-9280

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2020, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's electronic case filing system pursuant to Texas Rules of Civil Procedure 21a as follows:

John V. Elick
jve@elicklaw.com
ELICK LAW FIRM
PO Box 803
Bellville,TX  77418

Brad Beers
bbeers@beerslaw.net
BEERS LAW FIRM
5020 Montrose Blvd., Suite 700
Houston, Texas  77006

/s/ Lars L. Berg
Lars L. Berg